HELEN DZIADOSC, BY HER NEXT FRIEND, FRANK DZIA- DOSC, AND FRANK DZIADOSC, INDIVIDUALLY, PLAIN- TIFFS-APPELLANTS, v. AMERICAN CASUALTY COM- PANY, DEFENDANT-RESPONDENT.

Submitted October 26, 1934—Decided January 10, 1935.

For the plaintiffs-appellants, *Armstrong & Mullen.*

For the defendant-respondent, *Coult, Satz & Tomlinson* and *John J. Francis.*

The opinion of the court was delivered by

DONGES, J. This appeal brings up a judgment of the Supreme Court in favor of the defendant below, entered by the trial judge, sitting without a jury.

The plaintiffs obtained judgments against one Charles Keir for negligence in the operation of his automobile. The defendant herein issued a policy insuring Keir in the operation of the automobile involved in the plaintiffs' claims to the extent of $5,000 for injuries to one person, and not exceeding $10,000 in any event, for injuries arising from an accident. After obtaining judgment against Keir, an execution was issued and returned by the sheriff of Hudson county endorsed: "Returned unsatisfied at the request of plaintiff's attorney."

In the original answer filed by the defendant it set up as a separate defense that the policy contained the following provision: "This policy does not cover the assured (c) against loss of any kind resulting from the operation of any automobile insured herein; (3) if rented or leased to others or used to carry passengers for a consideration actual or implied," and that Keir violated and breached the aforesaid provision. On the day of trial, motion was made for leave to amend the answer to set up that the action was not brought within time. Leave was granted, but the record does not disclose the entry of any order or the time of filing of such amended answer, if it was filed.

At the trial, after proof of the judgments against Keir, and admission of the policy and of the return of the writ of execution unsatisfied, the defendant called as a witness Charles W. Linfonte, claim manager of the defendant. He was permitted, over objection and exception, to testify that Keir, in a written statement made to him for the insurance company, had stated: "I had in the car at the time of the

accident Mr. Alexander; Samuel MacDonald, 260 Chestnut Street, Kearny, N. J., and John Collins of 106 Passaic Avenue, Harrison, N. J. * * * I was on my way home from work and was taking my friend home also Mr. Jack Kelley, 430 Hamilton Street, Harrison, N. J. was also in the car. They pay me one dollar each per week for gas and oil."

By chapter 153 of the laws of 1924 (*Pamph. L., p.* 352), it is provided: "in case execution against the insured is returned unsatisfied in an action brought by the injured person, or his or her personal representative in case death results from the accident, because of such insolvency or bankruptcy, then an action may be maintained by the injured person, or his or her personal representative, against such corporation under the terms of the policy for the amount of the judgment in the said action not exceeding the amount of the policy." The policy contained a provision in accordance with this statute. This action was brought under such provision.

The trial judge in his conclusions states that the case is to be regarded as if Keir were a party to the suit. He says: "While he is not actually a party, the plaintiffs stand in privity to him and derive whatever rights they have by reason of such privity. For the purpose of determining the issues here and the rights of the parties, the situation is as though Keir were a party. Therefore, the testimony is admissible and binding on the plaintiffs. Being admissible, it is competent because it is an admission against the interest of Keir, who is privy with the plaintiffs as above stated, and is also competent to establish the fact of the carrying of passengers for a consideration."

It is undoubtedly true that plaintiffs' right to recover would not exist if the assured had violated the terms of the policy in respect to carrying passengers for hire, as alleged in the defense set up by the defendant. But, we conclude that the learned trial judge erred in admitting statements of Keir to third persons as being binding on the plaintiffs.

The burden was upon the defendant to establish its defense. As was said by the late Chief Justice Gummere in *Center Garage Co.* v. *Columbia Insurance Co.,* 96 *N. J. L.* 456:

"Clauses contained in policies of insurance which provide that the policy shall be void or the insurer relieved of liability on the happening of some event or the doing of or omission to do some act are not in any sense conditions precedent. If they are conditions at all, they are conditions subsequent, and constitute matters of defense, which, together with their breach, must be pleaded by the insurer to be available as a means of defeating a recovery on the policy; and the burden of establishing the defense, if controverted, is, of course, upon the party pleading it." *Rockmiss* v. *New Jersey Manufacturers, &c., Co., et al.,* 112 *N. J. L.* 136.

In *Center Garage Co.* v. *Columbia Insurance Co., supra,* suit was brought by a vendor of an automobile, who was insured with the vendee Dodds, to recover under the policy for loss and damage to the automobile from accidental collision. The suit was by the vendor only. The policy contained a provision that it should be void if the automobile insured should be used for carrying passengers for compensation. The defendant set up as a defense that at the time of the accident the automobile was being used for such purpose, and that the policy was, therefore, rendered null and void. The defendant called Dodds as a witness to show that he had made a statement to that effect. Dodds admitted signing a paper, but denied making such statement and testified that at the time of the collision the automobile was being used on his own private business. The integrity of the statement was testified to by the person who received it, and it was offered in evidence.

In commenting upon its competency as evidence, Chief Justice Gummere said:

"The statement itself as a piece of evidence was entirely without probative force, so far as the plaintiff was concerned, for Dodds was not its agent or representative whether actually or apparently authorized to bind it by admissions made by him after the accident. Its only value was to weaken or destroy the credit to be given to Dodds as a witness in the case; and if it be assumed that its effect was to entirely destroy that credit, the defendant was left without any proof

whatever on the question of the violation of this policy provision."

The defendant must establish its defense by competent evidence. The plaintiffs had a right of action to recover under the terms of the policy, and statements of the assured to third persons were not competent to prove the fact sought to be set up in defense, as against the plaintiffs, any more than a like statement was binding on the plaintiff in the Center Garage Company case. The assured, Keir, was not the representative or agent of the plaintiffs and they do not sue in his right, strictly speaking, but are given an independent right to sue, dependent, of course, upon the validity of the policy.

Inasmuch as the judgment must be reversed, for the reason stated, it is unnecessary to pass upon the other questions discussed in the briefs.

The judgment is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.